O, JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MIRIAM MALDONADO,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA PREFERRED CONSTRUCTION CO., INC.; and DOES 1 to 10,<br><br>　　　　　　　　　Defendants. | Case No.: 2:24-cv-01270-MEMF-AJR<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT [ECF NO. 15]** |

Before the Court is a Motion for Default Judgment filed by Plaintiff Miriam Maldonado. ECF No. 15. For the reasons stated herein, the Court GRANTS the Motion for Default Judgment.

**I.    Background**

　**A. Factual Allegations[1]**

Plaintiff Miriam Maldonado ("Maldonado") is an individual residing in California. *See* ECF No. 1 ¶ 1. She has a physical disability. *See id.* She has a bilateral knee amputation and requires the use of a wheelchair when travelling in public. *See id.*

---

[1] This section is derived from the allegations in Plaintiff Miriam Maldonado's Complaint. *See* ECF No. 1. The Court includes this only as background and makes no finding on whether these allegations are true.

1    Defendants California Preferred Construction Company ("CPCC") owns or operates a hairstylist business located on E. Village Road in Long Beach, CA (the "Business"). *See id.* ¶ 2. The Business is open to the public and provides parking spaces for its customers. *See id.* ¶ 11.

Maldonado visited the Business in November of 2023. *See id.* ¶ 10. When Maldonado visited, the Business lacked a parking space designated for persons with disabilities, and also lacked other associated accessibility features (e.g., no signage indicating such a parking space, no paint markings, etc.). *See id.* ¶ 13. These barriers interfered with Maldonado's ability to use and enjoy the Business's services. *See id.* ¶ 12.

### B. Procedural History

Maldonado filed suit in this Court on February 15, 2024. *See* ECF No. 1. Maldonado brings the following five claims: (1) violation of the Americans with Disabilities Act, 42 U.S.C. §12131 *et seq.* (the "ADA"); (2) violation of the California Unruh Civil Rights Act; (3) violation of the California Disabled Persons Act; (4) Violation of the California Health and Safety Code; and (5) negligence. *See id.*

Maldonado filed a Proof of Service on March 19, 2024, indicating that she served process on CPCC on March 13, 2024. *See* ECF No. 10. CPCC never filed an answer or any other responsive pleading. Maldonado requested a Clerk's Entry of Default on September 19, 2024. *See* ECF No. 12. The Clerk of Court entered default as to CPCC on September 23, 2024. *See* ECF No. 13

Maldonado filed the instant Motion for Default Judgment on February 4, 2025. *See* ECF No. 15. Maldonado also filed various supporting documents. *See* ECF Nos 15-1–15-5. Maldonado noticed her Motion for March 13, 2025. *See* ECF No. 15.

On March 6, 2025, the Court ordered Maldonado to provide CPCC with notice of the hearing, and to file a proof of service indicating the date, time, and manner of service of said notice. *See* ECF No. 16. Maldonado filed a proof of service on March 7, 2025, indicating that CPCC had been provided notice via mail sent on March 7, 2025. *See* ECF No. 17.

The Court held a hearing on the Motion for Default Judgment on March 13, 2025. Despite being provided with notice as described above, CPCC did not appear at the hearing. The Court

issued a tentative ruling via email in advance of the hearing, and at the hearing, Maldonado submitted to the tentative ruling.

## II. **Applicable Law**

Federal Rule of Civil Procedure 55(b) authorizes a district court to grant default judgment after the Clerk of the Court enters default under Rule 55(a). Local Rule 55-1 requires the party seeking default judgment to file a declaration establishing: (1) when and against what party the default was entered; (2) the pleading on which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator, or other like fiduciary who has appeared; (4) that the Servicemembers Civil Relief Act does not apply; and (5) that the defaulting party was properly served with notice, if required by Federal Rule of Civil Procedure 55(b)(2). C.D. Cal. L.R. 55-1.

Once default has been entered, the factual allegations in the complaint, except those concerning damages, are deemed admitted by the non-responding party. *See* Fed. R. Civ. P. 8(b)(6); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). However, default judgment is not automatic upon the Clerk's entry of default; rather, it is left to the sound discretion of the court. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092–93 (9th Cir. 1980). When deciding whether to enter default judgment, courts consider seven factors, commonly known as the *Eitel* factors:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

## III. **Discussion**

In considering Maldonado's Motion for Default Judgment, the Court must analyze: (1) whether the Court has jurisdiction over CPCC; (2) whether Maldonado has satisfied the procedural requirements of Local Rule 55-1; and (3) whether the *Eitel* factors weigh in favor of granting default judgment.

The Court finds that it has jurisdiction over this case, that Maldonado has satisfied Local Rule 55-1, and that the *Eitel* factors weigh in favor of default judgment. The Court therefore GRANTS the Motion as described herein.

**A. The Court has jurisdiction over CPCC.**

"When entry of judgement is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and parties." *In re Tuli,* 172 F.3d 707, 712 (9th Cir. 1999). The Court therefore examines jurisdiction in addition to the procedural requirements under Local Rule 55-1 and the *Eitel* factors.

First, the Court finds that it has subject matter jurisdiction over this action based on the federal question jurisdiction. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Maldonado brings an ADA claim, which is based on an alleged violation of federal law, and so the Court has subject matter jurisdiction.

Second, the Court finds that it has personal jurisdiction over CPCC. When no applicable federal statute governing personal jurisdiction exists, the district court applies the law of the state in which the district court sits. *See Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014)). Accordingly, The Court looks to "California's longarm statute [which] allows courts to exercise personal jurisdiction over defendants to the extent permitted by the Due Process Clause of the United States Constitution." *Id*. at 1211*; see also* Cal. Civ. Proc. Code § 410.10. Due process allows courts to exercise jurisdiction only over a defendant who has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice*." Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted).

Personal jurisdiction may be either general or specific. *See Picot*, 780 F.3d at 1211. "The paradigm all-purpose forums for general jurisdiction are a corporation's place of incorporation and principal place of business." *Daimler*, 571 U.S. at 118. Specific jurisdiction, on the other hand, exists where "the claim for relief arises directly from a defendant's contacts with the forum state." *AT&T Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996).

Here, the claims arise from CPCC's operation of the Business, which is located in California. *See* ECF No. 1. The Court has, at minimum, specific jurisdiction over CPCC as to claims related to the Business's operations in California. *See AT&T*, 94 F.3d at 588. The Court thus finds it has personal jurisdiction over CPCC here.

### B. Maldonado has satisfied the procedural requirements of Local Rule 55-1.

The Court finds that Maldonado has met the requirements of Local Rule 55-1. Local Rule 55-1 requires the party seeking default judgment to file a declaration establishing: (1) when and against what party the default was entered; (2) the pleading on which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator, or other like fiduciary who has appeared; (4) that the Servicemembers Civil Relief Act does not apply; and (5) that the defaulting party was properly served with notice, if required by Federal Rule of Civil Procedure 55(b)(2). *See* C.D. Cal. L.R. 55-1.

The Clerk of Court entered default against CPCC on September 23, 2024. *See* ECF No. 13. CPCC has not responded to the Complaint or otherwise defended the action. Pursuant to Local Rule 55-1, Maldonado submitted a declaration from counsel asserting that: (1) the Clerk of Court entered default as to CPCC on September 23, 2024 (*see* ECF No. 15-2 ¶ 5); (2) default was entered as to the Complaint (*see id.*); (3) CPCC is not a minor or incompetent person (*see id.* ¶ 3); (4) the Servicemembers Civil Relief Act does not apply (*see id.*); and (5) CPCC was served with notice of the Motion for Default Judgment (*see id.* ¶ 6).

This is sufficient to comply with the procedural requirements of Local Rule 55-1. *See* C.D. Cal. L.R. 55-1(e).

### C. The *Eitel* factors weigh in favor of granting default judgment.

The Court must next consider the *Eitel* factors: "(1) the possibility of prejudice to the plaintiff; (2) the merits of the claims; (3) "the sufficiency of the complaint;" (4) "the sum of money at stake;" (5) "the possibility of a dispute concerning material facts;" (6) "whether the default was due to excusable neglect; and (7) the strong policy favoring resolution on the merits. *See Eitel*, 782 F.2d at 1471–72. For the reasons stated below, the Court finds that these factors favor entering default against CPCC.

       i.   <u>Maldonado would suffer prejudice absent a default.</u>

The first *Eitel* factor requires the Court to consider the harm to a plaintiff in the absence of default judgment. *See Eitel*, 782 F.2d at 1471–72. All evidence suggests that CPCC is aware of the litigation and is opting not to participate in it. *See* ECF No. 10 (Proof of Service of Complaint to CPCC); ECF No. 15-5 (Proof of Service of Motion for Default Judgment to CPCC). If CPCC continues to refuse to respond, the action will remain stagnated, and Maldonado will be denied the right to a judicial resolution of her claims. Absent a default judgement, Maldonado will therefore be prejudiced. Court thus finds that this factor weighs in favor of default judgment.

       ii.   <u>Maldonado's claims are meritorious and sufficiently pleaded.</u>

The second and third *Eitel* factors consider the substantive merits and sufficiency of the complaint. *See Eitel*, 782 F.2d at 1471–72. Notwithstanding the entry of default, the Court must still determine if the facts alleged give rise to a legitimate cause of action because "claims [that] are legally insufficient . . . are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). Because default has been entered, the Court will assume the allegations in the Complaint are true for this analysis. *See TeleVideo Sys.*, 826 F.2d at 917–18.

Here, Maldonado states that she seeks a default judgment as to all claims. *See* ECF No. 15 at 2. However, Maldonado only requests relief related to two claims: the first cause of action, for violation of the ADA, and the second cause of action, for violation of the California Unruh Act. *See* ECF No. 15-1 at 6. Thus, the Court need only examine whether these two claims are properly pleaded.

To properly plead her ADA claim, Maldonado must allege that: "(1) [she] is disabled within the meaning of the ADA; (2) [CPCC] is a private entity that owns, leases, or operates a place of public accommodation; and (3) [CPCC] discriminated against [her] by denying [her] public accommodations because of [her] disability." *See Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1033 (9th Cir. 2020). Maldonado alleged that she is disabled because she is an amputee that uses a wheelchair. *See* ECF No. 1 ¶ 1. This is a sufficient allegation of disability status. See 42 U.S.C. § 12102(1)(A) ("disability" means "a physical or mental impairment that substantially limits one or more major life activities of such individual"). Maldonado further alleged that CPCC owns or

operates the Business, a hairstylist, and that it is open to the public. *See* ECF No. 1 ¶¶ 2, 11. This is a sufficient allegation that CPCC owns or operates a place of public accommodation. *See* 42 U.S.C. § 12181(7)(F) ("The following private entities are considered public accommodations . . . a laundromat, dry-cleaner, bank, barber shop, beauty shop, [etc.]."). Finally, Maldonado alleges that the Business lacked a proper van accessible parking spot, including by alleging specific features that were missing. *See* ECF No. 1 ¶ 13. The Court finds that this is a sufficient allegation of discrimination based on denying public accommodations to Maldonado based on Maldonado's disability. The Ninth Circuit uses a burden shifting framework to evaluate these claims, whereby "ADA plaintiffs must plausibly show how the cost of removing the architectural barrier at issue does not exceed the benefits under the circumstances." *See Lopez*, 974 F.3d at 1038 (9th Cir. 2020). There are four factors used to analyze this: (1) "the nature and cost of the action needed;" (2) "the overall financial resources of the facility or facilities involved in the action," viewed in light of the number of persons employed, the effect on resources, and the impact of the sought action on the facility; (3) "the overall financial resources of the covered entity;" and (4) "the type of operation or operations of the covered entity." *See id.* A plaintiff is "not required to address in detail each of the four factors to meet their initial burden of plausibly explaining why it is readily achievable to remove an architectural barrier." *See id.* Evaluating Maldonado's pleadings, the Court finds that Maldonado has met this standard, as it is plausible that the cost of the measures Maldonado seeks do not exceed their benefits. *See id.* Maldonado alleges that the Business has "the financial resources to remove these barriers without much difficulty or expenses." *See* ECF No. 1 ¶ 17. The Court finds this to be a sufficient allegation the benefits outweigh the costs and that the Business has sufficient resources to make the requested changes without significant impact. Thus, Maldonado has properly pleaded her ADA claim.

As to the Unruh Act claim—the Unruh Act specifically states that "A violation of the right of any individual under the federal Americans with Disabilities Act of 1990 . . . shall also constitute a violation of this section." Cal. Civ. Code § 51(f). Thus, by adequately pleading her ADA claim, Maldonado has also adequately pleaded her Unruh Act claim

Court thus finds this factor weighs in favor of default judgement.

      iii. <u>The sum of money at stake weighs in favor of default judgment.</u>

In considering this factor, the Court "must consider the amount of money at stake in relation to the seriousness of the defendant's conduct." *Eitel*, 782 F.2d at 1471–72. Generally, default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct. *Id.* at 1472 (affirming denial of default judgment where plaintiff sought $3 million in damages and parties disputed material facts in pleadings). Here, Maldonado seeks an injunction, a damages award of $4,000, and an attorneys' fees and costs award of $2,905.00. *See* ECF No. 15-1 at 10. The Court finds that the amount of money at stake here weighs in favor default judgment.

      iv. <u>The low possibility of dispute weighs in favor of default judgment.</u>

The fifth *Eitel* factor requires the Court to consider the possibility of dispute about material facts in the case. *See Eitel*, 782 F.2d at 1471–72. Here, there is no evidence suggesting any dispute as to material facts. CPCC has not contested that Maldonado visited the Business or that the Business lacks accessibility features in its parking lot as Maldonado alleges. The Court finds this factor weighs in favor of default judgment.

      v. <u>There is no indication of excusable neglect, which weighs in favor of default judgment.</u>

The sixth *Eitel* factor considers the possibility that the default resulted from excusable neglect. *See Eitel*, 782 F.2d at 1472. CPCC has been properly served and appears to have actively decided not to participate in litigation. *See* ECF No. 1; ECF No. 12. There is nothing in the record that would suggest that the default was a result of excusable neglect. The Court finds that this factor weighs in favor of default judgment.

      vi. <u>The policy favoring resolution on the merits does not weigh against default judgment.</u>

The Ninth Circuit's "starting point is the general rule that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. The enactment of Rule 55(b), however, indicates that this preference, standing alone, is not always dispositive, as district courts have recognized in non-binding decisions. *See e.g.*, *Seiko Epson Corp. v. Prinko Image Co. (USA), Inc.*, Case No. 2:17-CV-04501, 2018 WL 6264988 at *3

(C.D. Cal. Aug. 22, 2018). Although this factor generally weighs against default judgment, a decision on the merits is not possible since CPCC has not responded to the Complaint. Accordingly, this factor alone should not preclude the entry of default.

\* \* \*

On balance, reviewing Maldonado's Application in light of the factors articulated in *Eitel* points in favor of granting default judgment against CPCC. The Court therefore GRANTS the Motion for Default Judgment (ECF No. 15).

**D. Maldonado is entitled to the remedies she seeks.**

Maldonado seeks three remedies: (1) an injunction requiring Defendant to remove barriers, (2) damages of $4,000, and (3) an award of attorneys' fees and costs of $2,905.00. *See* ECF No. 15-1 at 10.

First, the Court finds that Maldonado is entitled to the injunction sought. Where the ADA is violated, "injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities." *See* 42 U.S.C. § 12188. Thus, Maldonado is entitled to an injunction. The Court will enter the sought injunction.

Second, the Court finds that Maldonado is entitled to the damages award she seeks. The Unruh Act allows an award of damages, up to three times the amount of actual damages, and "in no case less than four thousand dollars ($4,000)." *See* Cal. Civ. Code § 52(a). Thus, Maldonado is entitled to $4,000 in statutory damages for the violation of the Unruh Act.

Third, the Court finds that Maldonado is entitled to a fee and costs award. A plaintiff that prevails on an ADA claim is entitled to an award of "reasonable attorney's fee, including litigation expenses, and costs." *See* 42 U.S.C. § 12205. Maldonado's Motion for Default Judgment states that she seeks $2,905.00 in fees and costs. *See* ECF No. 15-1 at 10. This is supported by an attached declaration. *See* ECF No. 15-2 at 5–6. The $2,905.00 consists of (1) $2,320.00 in attorneys' fees, based on 7.3 total hours worked, split between an attorney and a paralegal, at rates of $500 per hour and $150 per hour, respectively; and (2) $585.00 in costs, which includes the filing fee, the cost of service of process, and other incidentals. *See id.*

The Local Rules of this District include a schedule of attorneys' fees for certain motions for default judgment. *See* C.D. Cal. L.R. 55-3. This schedule states that attorneys' fees awarded pursuant to statute should be determined based on the amount of judgment. *See id.* Applying this schedule to Maldonado's $4,000 damage award would lead to attorneys' fees of $600. *See id.* (for a judgment between $1,000.01 and $10,000, the fee award is "$300 plus 10% of the amount over $1,000," which is $300 + (.1 x $3,000) = $600). However, here, the ADA does not allow an award of money damages. *See* 42 U.S.C. § 12188; *see also Langer v. Kiser*, 57 F.4th 1085, 1095 (9th Cir. 2023) ("the ADA limits suits brought by private plaintiffs to injunctive relief and does not allow suits for damages"). The Supreme Court has cautioned that a "rule of proportionality" should not be used to calculate fee awards in civil rights cases, as this would "make it difficult, if not impossible, for individuals with meritorious civil rights claims but relatively small potential damages to obtain redress from the courts." *City of Riverside v. Rivera*, 477 U.S. 561, 578 (1986). Although the Unruh Act allows damages, they are "relatively small." *See id.* Based on this guidance, the Court finds it inappropriate to use the fee schedule in the Local Rules to calculate the fees in a civil rights case where only modest damages are available. The Court will thus allow Maldonado to seek attorneys' fees based on hours worked and a reasonable rate. The Court finds that time spent and rate reasonable, and therefore will award the $2,320.00 in fees sought.

The Court finds an award of litigation costs in the amount Maldonado seeks, $585.00, is appropriate and in line with awards by other courts in this district. *See, e.g., Langer v. Westco Inv. LLC*, Case No. 2:19-cv-2439, 2020 WL 7060137 at *9 (C.D. Cal. Aug. 7, 2020) (awarding filing fees and service costs in the sum of $520 is "in accordance with this District's procedures.").

Thus, the Court will award Maldonado $2,905.00 as a fees and costs award.

IV. **Conclusion**

For the reasons stated herein, the Court ORDERS as follows:

1. The Motion for Default Judgment (ECF No. 15) is GRANTED.
2. Judgment shall enter in favor of Maldonado against CPCC for $6,905.00, consisting of $4,000.00 in damages and $2,905.00 as a fees and costs award.

3. CPCC is ORDERED to provide an accessible parking space at the property located at or 4411 E. Village Rd., Long Beach, California, in compliance with the Americans with Disabilities Act Accessibility Guidelines.

IT IS SO ORDERED.

Dated: April 3, 2025

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge